UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT L. SHREVE, JR., | |
| Petitioner, | |
| v. | Civil No. 13-cv-1066-JPG |
| UNITED STATES OF AMERICA, | Criminal No 12-cr-40012-JPG |
| Respondent. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Robert L. Shreve, Jr.'s motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).   On August 2, 2012, the petitioner pled guilty to one count of conspiring to manufacture more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846.   Shreve pled guilty pursuant to a plea agreement with an addendum that contemplated the Government's filing a motion for a sentence reduction under Federal Rule of Criminal Procedure 35(b) if Shreve continued to cooperate fully with the Government (Doc. 105).   On November 19, 2012, the Court sentenced the petitioner to serve 110 months in prison.   The petitioner did not appeal his sentence.   The Government has not filed a Rule 35(b) motion, and the one-year deadline for filing such a motion under Rule 35(b)(1) has passed.

In his § 2255 motion, filed on October 11, 2013, the petitioner argues that the Government's failure to file a Rule 35(b) motion violates his due process rights because it was not rationally related to any legitimate government interest.   *See Wade v. United States*, 504 U.S. 181, 186 (1992).   He asks the Court to reduce his sentence.

As a preliminary matter, the Court notes that the addendum to Shreve's plea agreement contained no absolute promise that the Government would file a Rule 35(b) motion.   On the contrary, it stated that if Shreve cooperates with the Government, "the Government may, in the sole discretion of the United States Attorney, file . . . a motion under Rule 35 of the Federal Rules of Criminal Procedure."   Addendum ¶ 9.   Furthermore, during his plea colloquy, Shreve confirmed that no other promises had been made to him to induce him to plead guilty.   Thus, it is

clear from the existing record that the Government did not break a promise to file a Rule 35(b) motion.

Nevertheless, it is possible to challenge the Government's refusal to file even a discretionary Rule 35(b) motion where the failure to file was based on an unconstitutional reason or was not rationally related to a legitimate government end. *Wade*, 504 U.S. at 185-86. However, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Id.* at 186. A defendant must make a substantial threshold showing of an improper refusal to file a Rule 35(b) motion before the Court will inquire into the matter. *Id.* at 186-87. Here, Shreve has done no more that argue his entitlement to a reduction because of his cooperation; he has not offered even a hint – much less any specific factual allegations – that the reason the Government did not file a Rule 35(b) motion was unconstitutional or not rationally related to a legitimate government end.

For this reason, the Court finds that it is plain "from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and accordingly **DENIES** Shreve's motion, **DISMISSES** this case and **DIRECTS** the Clerk of Court to enter judgment accordingly. Shreve's motion for the status of this case (Doc. 2) is rendered **MOOT** by this order.

**IT IS SO ORDERED.**
**DATED: April 1, 2014**

                                                s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**